DAVID P. ENZMINGER (CA SBN 137065)
(denzminger@winston.com)
DAVID K. LIN (CA SBN 278404)
(dlin@winston.com)
WINSTON & STRAWN, LLP
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071-1543
Phone: (213) 615-1700
Fax: (213) 615-1750

Attorneys for Defendant
*NETGEAR, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELY INVENTIONS, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>NETGEAR, INC.,<br><br>      Defendant. | Case No. 2:17-cv-08864-AB-RAO<br><br>**DEFENDANT NETGEAR, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>Date:  March 23, 2018<br>Time:  10:00 a.m.<br>Ctrm:  7B<br>Judge: Honorable André Birotte Jr. |

## I. Introduction.

NETGEAR moves to dismiss Plaintiff Timely Inventions' ("Timely") Complaint under Federal Rule of Civil Procedure 12(b)(3) because venue is improper in this District. NETGEAR does not "reside" in or maintain a "regular and established place of business" within the jurisdiction of the Central District of California, as is required to establish venue under section 28 U.S.C. § 1400(b). This Court should dismiss Timely's Complaint or, alternatively, transfer this litigation under 28 U.S.C. § 1406(a)[1] to the U.S. District Court for Northern District of California where venue properly lies—*i.e.* the judicial district where NETGEAR has a "regular and established place of business" under section 1400(b).

Timely sued NETGEAR on December 8, 2017, alleging that venue is proper in this District.[2] In support of its statement that venue is allegedly proper here Timely's Complaint states only that "[v]enue is proper under 28 U.S.C. § 1391(b)."

On May 22, 2017, the United States Supreme Court decided *TC Heartland LLC v. Kraft Foods Group Brands LLC,* holding that a domestic corporation "resides" only in its state of incorporation for purposes of 35 U.S.C. § 1400(b).[3] The Supreme Court also reaffirmed that 28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue

---

[1] 28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

[2] Dkt. No. 1 (Timely's Complaint) at ¶3.

[3] *See TC Heartland LLC* v. *Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017).

1

in patent infringement actions," and not 28 U.S.C. § 1391(b) as alleged by Timely in its Complaint.[4]  Under § 1400(b), a plaintiff may bring a patent-infringement action: (1) where the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business.  Because NETGEAR is not incorporated in the state of California and does not have a "regular and established place of business" in the Central District of California, venue is improper in this District.  Accordingly, the Court should dismiss this case.  Alternatively, the Court should transfer this case under § 1406(a) to the Northern District of California, where venue is proper.[5]

## II. Venue is Not Proper in this District.

Under § 1400(b), a plaintiff may bring a patent-infringement action: (1) where the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business.  In *VE Holding Corp. v. Johnson Gas Appliance Co.,* the Federal Circuit held that a corporate defendant "resides" in any judicial district where it is subject to personal jurisdiction at the time the action commenced.[6]  In *TC Heartland,* the Supreme Court abrogated that decision, explaining that a corporate defendant resides only in its state of incorporation.  Because NETGEAR is neither incorporated in California nor has a regular and established place of business in this district, venue does not lie here under § 1400(b).

---

[4] *Id.*

[5] NETGEAR's headquarters is located in San Jose, California within the jurisdiction of the U.S. District Court for the Northern District of California.  *See* Ex. A at ¶3 (Declaration of Brian Busse in support of NETGEAR's motion to dismiss).

[6] 917 F.2d 1574, 1584 (Fed. Cir. 1990).

A. **NETGEAR Does Not "Reside" in California.**

As Timely acknowledges in its Complaint, NETGEAR is not incorporated in California.[7] Accordingly, NETGEAR does not "reside" in this District for purposes of the first prong of § 1400(b).

B. **NETGEAR Does Not Have a "Regular and Established Place of Business" in this District.**

The second prong of § 1400(b) allows for venue where "the defendant has committed acts of infringement and has a regular and established place of business." Although Timely alleges NETGEAR has committed acts of infringement in the Central District of California, Timely does not allege that NETGEAR has any "regular and established place of business" in this district.[8] In fact, NETGEAR has no locations in the Central District of California.[9] Thus, venue is improper under this prong.

The Federal Circuit, in has identified "three general requirements relevant to the inquiry" for a "regular and established place of business": "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."[10] Here, Timely alleges only that NETGEAR "has committed acts of patent infringement within the State of California and, more

---

[7] Timely's Complaint at ¶5.  NETGEAR is incorporated in the State of Delaware. *See* Ex. A at ¶3.
[8] Timely's Complaint at ¶2.
[9] Ex. A at ¶4.
[10] *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017).

particularly, within the Central District of California."[11]  This is insufficient.  By failing to even allege a regular and established place of business in this district, Timely has not *presented even a* prima facie *argument for venue in this district.*

Timely cannot allege a "regular and established place of business" for NETGEAR in this District because none exists.  NETGEAR has no offices within the jurisdiction of the Central District of California.  Thus, Timely cannot cure the insufficient allegations for venue in its Complaint by amendment.

Dated:  February 20, 2016

WINSTON & STRAWN LLP

By:  */s/ David P. Enzminger*
DAVID P. ENZMINGER
DAVID K. LIN

Attorneys for Defendant
NETGEAR, INC.

---

[11] Timely's Complaint at ¶2.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 20, 2018 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

         */s/ David P. Enzminger*
         DAVID P. ENZMINGER

# EXHIBIT A

DAVID P. ENZMINGER (CA SBN 137065)
(denzminger@winston.com)
DAVID K. LIN (CA SBN 278404)
(dlin@winston.com)
WINSTON & STRAWN, LLP
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071-1543
Phone: (213) 615-1700
Fax: (213) 615-1750

Attorneys for Defendant
*NETGEAR, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELY INVENTIONS, LLC,<br><br>               Plaintiff,<br><br>  v.<br><br>NETGEAR, INC.,<br><br>               Defendant. | Case No. 2:17-cv-08864-AB-RAO<br><br>**DECLARATION OF BRIAN BUSSE IN SUPPORT OF DEFENDANT NETGEAR, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>Judge: Honorable André Birotte Jr. |

I, Brian Busse, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.

2. I am the Vice President of Intellectual Property & Litigation at NETGEAR, Inc. ("NETGEAR"). I have worked at NETGEAR since 2009.

3. NETGEAR is incorporated in the State of Delaware and NETGEAR's headquarters is located in San Jose, California.

4. NETGEAR does not have any offices or facilities within the jurisdiction of the U.S. District Court for the Central District of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 12, 2018

*Brian Busse* (signature)

**Brian Busse**